**The document below is hereby signed.**
**Signed: June 23, 2011.**

_____
**S. Martin Teel, Jr.**
**U.S. Bankruptcy Judge**

```
           UNITED STATES BANKRUPTCY COURT
            FOR THE DISTRICT OF COLUMBIA

In re                         )
                              )
PATRICK A. COX,               )   Case No. 10-01140
                              )   (Chapter 13)
          Debtor.             )   Not for Publication in
                              )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER RE TRUSTEE'S
OBJECTION TO UNTIMELY SECURED CLAIM OF CITIMORTGAGE, INC.

This addresses the trustee's objection to the untimely filed claim of CitiMortgage, Inc. That a creditor may not have received the notice of the case (something that CitiMortgage does not even allege) and that it has a secured claim are insufficient reasons to allow it to file a late proof of claim. *See In re Boucek*, 280 B.R. 533, 53738 (Bankr. D. Kan. 2002); *In re Mickens*, 2005 WL 375661 (Bankr. D.D.C. Feb.14, 2005). If the debtor can show excusable neglect under Fed. R. Bankr. P. 9006 to enlarge the time for the debtor to file a proof of claim for the creditor's claim, the debtor might be allowed to file such a claim out of time under Fed. R. Bankr. P. 3004, but the creditor itself is not allowed to invoke Rule 3004. CitiMortgage does not come within any exception under Fed. R. Bankr. P. 3002(c) for

enlarging the time to file a proof of claim, and Rule 9006(b)(3) provides that enlarging the time for filing a claim under Rule 3002(c) is permitted only to the extent and under the conditions stated in Rule 3002(c).

The creditor nevertheless has alternative remedies if the debtor fails to act.  The order confirming the debtor's second amended plan expressly provided that:

> notwithstanding 11 USC §1327(c), if a timely proof of claim has not been filed for a claim, the property vesting in the debtor under 11 USC § 1327(b) shall remain subject to any lien securing the claim except to the extent that the claim would not be an allowed secured claim under 11 USC § 506(a) and the claim is discharged under 11 USC § 1328[.]

Accordingly, despite the disallowance of its claim, the creditor will retain its lien (unless it was wholly unsecured pursuant to § 506(a)).  The debtor is content to have the lien not be paid through the confirmed plan, has not sought to enlarge the time to file a proof of claim asserting the creditor's claim, and, indeed, has independently objected to the claim as being untimely.

In light of the foregoing, it is

ORDERED that the trustee's objection is sustained, and the claim of CitiMortgage, Inc. filed May 12, 2011, is disallowed for purposes of Chapter 13 plan distribution.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification.